IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACCELERANT TWISTER, LLC and ACCELERANT HOLDING, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MARJO LLC and JOHN T. SULLIVAN,<br><br>Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT

Plaintiffs Accelerant Twister, LLC and Accelerant Holding, LLC (collectively, "Plaintiffs"), based on personal knowledge as to all acts or events that they have undertaken or witnessed, and upon information and belief as to all others, file this Original Complaint against Defendants Marjo LLC ("Marjo") and John T. Sullivan (collectively, "Defendants") and allege as follows:

## NATURE OF THE ACTION

1. This is an action by Plaintiffs for declaratory judgment, seeking a determination that Plaintiffs do not infringe any enforceable claim of U.S. Patent No. 11,937,627 (the "'627 patent"). A true and correct copy of the '627 patent, which is entitled "Cone Loading, Weighing, Filling and Twisting Apparatus and Method for Mass Production of Smokable Cannabis or Hemp Products," is attached hereto as Exhibit A.

## PARTIES & BACKGROUND

2. Plaintiff Accelerant Twister, LLC ("Twister") is a limited liability company formed under the laws of Delaware, with a principal address at 7901 4th St. N., Ste 300, St. Petersburg,

FL 33702.  Twister operates in the business of manufacturing and leasing automated cannabis "cone-rolling" machines, including models known as the "PRO 2" and "PRO 4."

3. Plaintiff Accelerant Holding, LLC ("Holding") is a limited liability company formed under the laws of Delaware, with a principal address at 7901 4th St. N., Ste 300, St. Petersburg, FL 33702.  Holding owns an approximately 84% equity interest in Twister.

4. Upon information and belief, Defendant Marjo LLC ("Marjo") is a limited liability company formed under the laws of Maryland, with its principal place of business at 11339 Barley Field Way, Marriottsville, Maryland, 21104.  Marjo is a member of Twister, holding the remaining approximately 16% equity interest in Twister.

5. Upon information and belief, Defendant John T. Sullivan ("Sullivan"), an individual, is a citizen and resident of the State of Maryland.  Sullivan is the managing member of Marjo, and has a seat on the board of managers of Twister.

6. Sullivan is the sole named inventor on the '627 patent.  Upon information and belief, Sullivan holds legal title to the '627 patent.

7. Upon information and belief, Marjo also purports to have an ownership interest in the '627 patent.

8. Between February 2, 2020 and November 17, 2022, Twister was licensed by Marjo to all of Sullivan's intellectual property relevant to the cone-rolling machines at issue, including to any rights arising out of the patent application which resulted in the issuance of the '627 patent.

9. Plaintiffs and Defendants are parties to a pending lawsuit in the Delaware Court of Chancery, C.A. No. 2023-0887-LWW, in which they have asserted various non-patent claims and counterclaims (the "Delaware Chancery Action").  The Delaware Chancery Action was filed on August 29, 2023, and has been pending since before Vice Chancellor Will.  Among the claims

asserted by Marjo and Sullivan against Twister and Holding in the Delaware Chancery Action are claims for alleged misappropriation of trade secrets under the Maryland Uniform Trade Secrets Act, MD COML §11-1201(e) *et seq*.

10. Prior to the Delaware Chancery Action, Plaintiffs and Defendants were parties to an action in this district, Case No. 22-cv-1366-RGA, which was filed on October 17, 2022. In that action, which grounded subject matter jurisdiction on diversity of citizenship, the parties asserted non-patent claims and counterclaims substantially similar to the claims now pending in the Delaware Chancery Action. When the trial court in this district expressed concerns that complete diversity may have been lacking, the parties entered into a stipulation to dismiss the federal case without prejudice on August 18, 2023, as they planned to pursue their respective claims in Delaware state court.

11. On March 26, 2024, during the pendency of the Delaware Chancery Action, the '627 patent was issued by the U.S. Patent & Trademark Office ("USPTO").

12. Since the issuance of the '627 patent, Defendants' trade secret allegations in the Delaware Chancery Action have transformed, in essence, into patent infringement allegations. For example, Defendants served a non-confidential, putative "technical" expert report from Sullivan on November 3, 2025, asserting that Twister's PRO 2 and PRO 4 cone rolling machines "specifically utilize the cone twisting mechanism for which [Sullivan] was granted U.S. Patent No. 11,937,627." Exhibit B, p. 3. Defendants previously had identified one of their asserted "trade secrets" to be "[t]he apparatuses and mechanisms described in" the patent application from which the '627 patent issued.

13. Marjo and Sullivan also have indicated repeatedly, in non-confidential deposition testimony, that they are making plans to sue Plaintiffs for alleged infringement of the '627 patent.

For example, Sullivan testified on behalf of himself and as a corporate representative of Marjo on September 17, 2025, that he was "looking into" filing a patent infringement lawsuit against Plaintiffs, and that he was already in the process of interviewing potential counsel towards that end. Exhibit C, at 49:5-13; 201:10-202:4; 203:7-205:2; 207:3-208:7. Sullivan also testified non-confidentially in deposition that the "claims we already have cover" the PRO 2 and PRO 4. *Id.* at 203:7-205:2. On December 9, 2025, Sullivan testified once again in a non-confidential deposition that a patent infringement lawsuit against Twister and Holding was "potentially" soon to come. Exhibit D, at 33:2-9. He testified on multiple occasions that he planned to wait until depositions in the Delaware Chancery Action were over. *See* Exs. C, at 207:20-208:7; D at 33:14-15. Depositions in that action have just recently ended.

14.     Further, during a public motion hearing in the Delaware Chancery Action held on January 7, 2026, Sullivan and Marjo's counsel confirmed that Sullivan and Marjo had an "intent to file claims that relate to infringement of patent technology," and already had raised issues relating to such putative claims in the Delaware Chancery Action. Ex. E, at 11:3-18. Counsel admitted, however, that the Delaware Court of Chancery was "not the jurisdiction to resolve that claim." *Id.*

15.     Taking into account the totality of the circumstances, including those set forth above, a substantial, actual, and justiciable controversy exists between Plaintiffs and Defendants regarding whether Plaintiff's PRO 2 and PRO 4 cone-rolling machines infringe the '627 patent. This controversy is of sufficient immediacy and reality to warrant declaratory relief.

## **JURISDICTION**

16. This Court has subject matter jurisdiction over Plaintiffs' claims for declaratory judgment under 28 U.S.C. §§ 1331, 1338(a), and 2201-02.

17. This case arises under the patent laws of the United States. As stated above, an actual and justiciable controversy exists between Plaintiffs and Defendants regarding whether Plaintiffs' products infringe the '627 patent, as set forth herein.

18. Under 28 U.S.C. § 1338(a), federal district courts have original subject matter jurisdiction over patent infringement disputes, exclusive of state courts. On information and belief, Defendants are attempting to shoehorn a patent infringement dispute into what they had styled as a "trade secret misappropriation" claim in the Delaware Chancery Action. This dispute, concerning whether or not an issued U.S. patent is infringed, belongs in this Court.

19. This Court has personal jurisdiction over Sullivan in this action. Personal jurisdiction is proper because Sullivan is a member of the board of managers of Twister, a limited liability company formed under the laws of the State of Delaware. Sullivan has availed himself of the protections of Delaware law, has entered into agreements with forum selection clauses choosing this judicial district, and has purposefully directed activity to this forum including by asserting counterclaims in a prior action in this judicial district relating to some of the same facts underlying this action, and by asserting counterclaims in the Delaware Chancery Action. Upon information and belief, personal jurisdiction is also proper within this judicial district because Sullivan has purposefully availed himself of the privilege of doing business in Delaware by licensing intellectual property rights to Defendants through his limited liability company Marjo, and has caused tortious injury in the State within the meaning of the Delaware Long-Arm Statute, 10 DE Code § 3104.

20. This Court has personal jurisdiction over Marjo in this action. Personal jurisdiction is proper because Marjo is a member of Twister, a Delaware limited liability company. Marjo has availed itself of the protections of Delaware law, has entered into agreements with forum selection clauses choosing this judicial district, and has purposefully directed activity to this forum including by bringing counterclaims in a prior action in this court regarding some of the same facts underlying this action, and by asserting counterclaims in the Delaware Chancery Action. Marjo also has purposefully availed itself of the privilege of doing business in Delaware by previously licensing intellectual property rights to Defendants, and has caused tortious injury in the State within the meaning of the Delaware Long-Arm Statute, 10 DE Code § 3104.

21. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) because a substantial part of the events giving rise to the claim occurred in this district, Defendants each conduct business in this district, and Defendants are subject to personal jurisdiction in this district. Venue is also proper under § 1400(b) because this action arises under the patent laws of the United States, and venue for the mirror-image action for patent infringement would be proper here due to Plaintiffs both residing in this district.

## COUNT I
## DECLARATION REGARDING NON-INFRINGEMENT OF THE '627 PATENT

22. Plaintiffs incorporate and reallege the foregoing paragraphs.

23. Based on Defendants' threats, their allegations and contentions in the Delaware Chancery Action, and their stated intent to sue Plaintiffs for alleged infringement of the '627 patent, an actual controversy has arisen and now exists between the parties as to whether Plaintiffs infringe any claim of the '627 patent. This controversy is of sufficient immediacy and reality to warrant declaratory relief.

24. Plaintiffs do not infringe and have not infringed, under any theory of infringement (including directly (whether individually or jointly), indirectly (whether contributorily or by inducement)), and/or under the doctrine of equivalents, any of the claims of the '627 patent, at least because the Defendants' PRO 2 and PRO 4 cone rolling machines do not employ, incorporate, practice, or otherwise make use of all the limitations recited in any of the '627 patent's claims.

25. As one example, claim 1 requires a "magnetic slip clutch" as part of a recited "twisting mechanism." But the PRO 2 and PRO 4 do not include the required "magnetic slip clutch." Thus, the PRO 2 and PRO 4 do not meet the limitations of at least claim 1.

26. Moreover, claim 1 is the only independent claim of the '627 patent. All other claims in the '627 patent (claims 2-29) depend from claim 1, and therefore also require a "magnetic slip clutch." Thus, the PRO 2 and PRO 4 do not meet the limitations of claims 2-29, either.

27. For at least these reasons, the PRO 2 and PRO 4 do not infringe the '627 patent.

28. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Plaintiffs request a declaration by the Court that they do not infringe and have not infringed, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '627 patent.

## JURY DEMAND

29. Plaintiffs hereby demand trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask this Court to enter judgment in Plaintiffs' favor and against Defendants by granting the following relief:

a) a declaration that Plaintiffs do not infringe, and have not infringed, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any enforceable claim of the '627 patent;

b) a finding based upon 35 U.S.C. § 285 that Defendants' continued attempts to threaten Plaintiffs and to enforce the '627 patent, despite lacking any meritorious claims thereunder, render this case exceptional; and

c) an award to Plaintiffs of their reasonable attorneys' fees, costs, and all interest, and

d) any such other and further relief as the Court finds just and proper.

Dated: January 16, 2026            Respectfully submitted,

            /s/ D. Stuart Bartow
            D. Stuart Bartow (No. 7160)
            Monté T. Squire (No. 4764)
            Mackenzie M. Wrobel (No. 6088)
            1201 N. Market Street, Suite 501
            Wilmington, DE  19801
            Telephone:  (302) 657-4900
            dsbartow@duanemorris.com
            mtsquire@duanemorris.com
            mmwrobel@duanemorris.com

            *Counsel for Accelerant Twister, LLC
            and Accelerant Holding, LLC*

8